The opinion of the court was delivered by
Gibson, J.
It cannot seriously be pretended that there should be an abatement of the rent in consequence of the destruction of the bridge, without regard to any other circumstance. The bridge was not even a part of the thing demised; and if it had been, no case would authorize an abatement on that ground. The question then rests exclusively on the supposed agreement of the tenantwith one of the lessors. When this agreement took place, the tenant was about to commence a second year under a written lease, which, at law could not be altered by parol, although it might in equity, by an agreement on good consideration. The inquiry then is, what relief would a chancellor give on the foot of this agreement? In consequence of the reduced value of the premises by reason of the destruction of the bridge, the tenant informs the landlord that he will quit, unless the rent be reduced; the landlord says he thinks this reasonable, promises that it shall be done, and requests the tenant to remain. Now, although equity will do all it can to execute an uncertain agreement, by reducing it to certainty, by reference to something else, where that is practicable; yet here the terms are altogether uncertain: or, rather there are no terms at all. The parties do not appear to have considered this transaction as an agreement, but rather as an understanding, that an agreement should be entered into thereafter, on such terms as might be found mutually beneficial. Now how could the sum to be deducted, be ascertained? That was a matter to be settled afterwards. *41 But it was not understood in the meantime, that the written lease was to be vacated, or that the landlord was to part with his security by specialty. Parol agreements, to dispense with any part of a written contract, are at least dangerous things, as they are always to be established by a dangerous species of evidence; and before they are executed, it ought clearly to appear, that there is no ambiguity as to the terms. Beside os the tenant was bound by his covenant to pay the rent at all events, and could not discharge himself of it by quitting the premises, I am by no means certain that there was any consideration for the subsequent promise. But be this as it may, the terms of the agreement were altogether so uncertain that it would be impossible to carry it into execution; and I am therefore of opinion the judge who tried the cause did right to exclude the evidence. The question of costs is decided by the case of Shaffer v. Landis; where in a case like the present it was held that each party should pay his own part of the costs of the appeal.
Judgment affirmed.